IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JTH TAX, INC. d/b/a
LIBERTY TAX SERVICE

VS.                                                    CIVIL ACTION NO. 2:09CV134-WAP-DAS

NAYYER MAHMOOD, SEHR MAHMOOD,
and FIRST FINANCIAL, INC.

**ORDER**

This matter is before the court on motion of the defendants to conduct transfer-related discovery (# 98). After considering the motion and the response thereto, the court finds as follows:

**I. BACKGROUND**

The plaintiff initially filed the present action in the United States District Court for the Eastern District of Virginia. On August 6, 2009, that court transferred the case to this court pursuant to the "first-to-file" rule. At that time a similar action was pending before this court, and in that action the plaintiff filed a motion to remand, effectively staying that action as well as the present one. The former action has now been remanded to the Chancery Court of Desoto County, Mississippi, and thus a motion to change venue and send the present action back to Virginia is now ripe before this court. Before that motion can be decided, however, the court must consider the defendant's motion for transfer-related discovery.

To understand the present motion, the court looks first to the motion to change venue. Essentially, that motion argues the present action should be transferred back to the Eastern District of Virginia because the contract between the parties included a forum selection clause.

1

That clause provided:

> In any suit brought by us, which in any way related to or arises out of this Agreement, or any of the dealings of the parties hereto, you consent to venue and personal jurisdiction in the state and federal court of the city or county of our National Office, presently . . . the United States District Court in Norfolk, Virginia.

The defendants plan to contest the motion to transfer venue but argue that before they can respond appropriately, they need to conduct limited "transfer-related" discovery. The plaintiff responds, arguing that such discovery is inappropriate and unnecessary.

## II. DISCUSSION

Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases. Such clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause may be considered unreasonable if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997). To qualify as unreasonable, the fraud and overreaching must be specific to the forum selection clause. *Haynsworth*, 121 F.3d at 963. The party resisting application of the forum selection clause has a "heavy burden of proof." *Bremen*, 407 U.S. at 17. Forum selection clauses are generally enforced. *See, e.g., Carnival*

*Cruise Lines, Inc. v. Shute* 499 U.S. 585, 595 (1991).

In cases such as the present one, an allegation of fraud "must be specific to a forum selection clause ... to invalidate it. . . . [A]llegations of such conduct as to the contract as a whole – or portions of it other than the [forum selection] clause – are insufficient; the claims of fraud . . . must be aimed *straight* at the [forum selection] clause . . . to succeed." *Haynsworth*, 121 F.3d at 963 (emphasis added).

In the present case, the defendants allege fraud as one of several defenses. The alleged fraud, however, does not appear to be specific to the forum selection clause but appears to go to the contract as a whole. While in response to the present motion, the defendants contend that they "will show that JTH purposefully 'hid' the forum selection clause from prospective franchisees such as First Financial," they provide only this bald statement with no explanation as to how the defendants "hid" the clause. The court has examined the contract and the language is simple and quoted *supra*. The court has also examined the Franchise Offering Circulars provided to the defendants, which provide the forum selection clause on page two of both documents in all capital letters. Because such straightforward language is provided in these documents, the court requires something far more specific as to how the defendants contend the plaintiff hid the clause. For example, one case cited by the defendants held that "a forum selection clause should not be enforced where a consumer is told by a corporate agent to ignore boilerplate language containing a forum selection clause . . . ." *Yoder v. Heinold Commodities, Inc.*, 630 F. Supp. 756, 757 (E.D. Va. 1986). In another case provided by the defendants, the clause was written in small print on the back of the contract. *Colonial Leasing Co. of New England v. Pugh Bros. Garage*, 735 F.2d 380, 382 (9th Cir. 1984). In such situations there may

3

well be an opportunity for defendants such as the present ones to conduct transfer-related discovery, but such a situation is not apparent here.[1]

Accordingly, because it appears the defendants have alleged fraud as to the contract as a whole and not specifically pointing to fraud as it related to the forum selection clause itself, transfer-related discovery is not appropriate, and the defendants' motion is not well taken. The defendants have until April 9, 2010 to respond to the plaintiff's motion to change venue.

IT IS, THEREFORE, ORDERED that the defendants' motion to conduct transfer-related discovery (# 98) is hereby DENIED.

SO ORDERED, this the 26th day of March 2010.


/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that this opinion relates only to the motion for transfer-related discovery. This opinion is in no way intended to address the merits of the motion to change venue but only to consider whether additional discovery is needed to respond to that motion.