# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JTH TAX, INC. d/b/a
LIBERTY TAX SERVICE,                                                                            PLAINTIFF,

VS.                                                                           CIVIL ACTION NO. 2:09CV134-P-S

NAYYER MAHMOOD,
SEHR MAHMOOD, and
FIRST FINANCIAL, INC.,                                                     DEFENDANTS.

## ORDER

This matter comes before the court upon Plaintiff JTH Tax, Inc.'s September 14, 2009 motion [86] to transfer this case to the Eastern District of Virginia. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

On January 20, 2009 JTH Tax, Inc., hereinafter referred to as Liberty Tax, filed the instant action ("Liberty Tax action") against the Mahmoods and First Financial in the Eastern District of Virginia – eleven days after First Financial filed suit ("First Financial action") against Liberty Tax in the Circuit Court of DeSoto County, Mississippi.

On February 3, 2009 Liberty Tax removed the Mississippi First Financial action to federal court in the Northern District of Mississippi.

On August 5, 2009 the federal court in the Eastern District of Virginia transferred the Liberty Tax action to the Northern District of Mississippi.

Essentially, Liberty Tax argues that it filed the Liberty Tax action in the Eastern District of Virginia soon after First Financial filed its suit in Mississippi State court because the First Financial action was filed in contravention of the Virginia forum selection / choice of law clause the parties agreed to in their Franchise Agreement. After Liberty Tax removed the Mississippi First Financial

1

action to federal court in Mississippi, it moved to transfer that case and to re-transfer this case to the Eastern District of Virginia in order to effectuate the Virginia forum selection / choice of law clause agreed to in the Franchise Agreement.

Although the Fifth Circuit has cautioned against re-transferring a case to a federal court that previously transferred the case, it has also observed:

> It does not follow, however, that a transferee court is powerless to act where the original purposes of the transfer have been frustrated by an unforeseen later event. ... When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court. It, instead, represents a considered decision that the case *then* is better tried in the original forum for reasons which became known after the original transfer order. In sum, we decline to adopt a per se rule forbidding a return of a transfer by the transferee court of a transferred case.

*In re Cragar Industries, Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (emphasis in original).

In its August 5, 2009 Transfer Order, the Virginia court found that "the convenience of the parties and witnesses, the interests of justice, and judicial economy, warrant transfer *at this juncture* of this related case to the Mississippi federal court." (emphasis added). The court also found that "[c]onsolidation of these cases will expedite the proceedings and facilitate disposition of the disputes between the parties. If the Mississippi federal court ultimately determines it appropriate to grant the motion to transfer pending before it, the consolidated case may then be transferred back to this court."

On February 22, 2010 this court remanded the First Financial action to the Circuit Court of DeSoto County, Mississippi after concluding that there was no diversity jurisdiction given that there was a reasonable possibility of recovery against a Mississippi resident. Therefore, since the two actions cannot be consolidated at this point, the original purpose of the transfer – consolidation of

the two actions for judicial economy – has been frustrated by the remand of the First Financial action to the Circuit Court of DeSoto County, Mississippi. Accordingly, this court concludes that a re-transfer in this case would not run afoul of the law of the case doctrine discussed in *In re Cragar Industries, Inc., supra*.

The court turns to the transfer analysis required by 28 U.S.C. §1404(a) which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In considering the factors mentioned in §1404(a), the first question is whether the transferee district is one in which the action could have been filed. *In re Volkswagen AG*, 371 F.3d 101, 203 (5th Cir. 2004). The court concludes that the Liberty Tax action could be properly filed in the Eastern District of Virginia because, pursuant to 28 U.S.C. §1391(a)(2), a substantial part of the events or omissions giving rise to Liberty Tax's claims occurred in the Eastern District of Virginia. This is because the defendants regularly conducted business with Liberty Tax's Virginia Beach office when seeking to enter a Franchise Agreement and continued to conduct business with the Virginia company via the Franchise Agreement – a contract which Liberty Tax alleges the defendants breached. Furthermore, the defendants agreed to personal jurisdiction in Virginia via a forum selection clause contained in the Franchise Agreement between the parties. Assertion of personal jurisdiction over the defendants by the Eastern District of Virginia would not run afoul of traditional notions of fair play and substantial justice since the defendants engaged in purposeful activities in Virginia by seeking and operating a franchise from a Virginia-based business.

With regard to the convenience of the parties, the court concludes that the defendants have waived their right to oppose transfer based on their own convenience given that they agreed to

Virginia as the exclusive jurisdiction by agreeing to the forum selection clause contained in the Franchise Agreement. *Calix-Chacon v. Global Intern. Marine Inc.*, 493 F.3d 507, 515 n. 5 (5th Cir. 2007) ("A forum selection clause is a contractual waiver of the right to seek transfer or dismissal based on the parties' own convenience."). The court finds that the defendants had ample time to review the entire Franchise Agreement and had ample notice of the inclusion of the forum selection clause.

As to the convenience of the witnesses, the court finds that the majority of potential witnesses in this matter reside within the 100-mile subpoena power of the Eastern District of Virginia. Therefore, this factor weighs in favor of transfer.

Finally, the court finds that the interest of justice factor weighs in favor of transfer given the mandatory, not permissive, forum selection clause. Execution of the Franchise Agreement was an arms-length transaction between parties of substantially equal business acumen. It is undisputed that the defendants had ample time to review the Franchise Agreement and that they had early notice of the prospect of a forum selection clause in two Uniform Franchise Offering Circulars sent to the defendants before the parties executed the Franchise Agreement. A significant factor weighing in favor of Liberty Tax is that the Liberty Tax action was no doubt filed in response to the First Financial action filed in Mississippi in clear contravention of the forum selection clause. In other words, had First Financial filed its suit in the Eastern District of Virginia in the first place, as required by the Franchise Agreement, then Liberty Tax likely would not have filed a second action in Virginia and therefore there would not have been a transfer of that case to the Northern District of Mississippi. Essentially, the judicial inefficiency arising from this entire matter was caused by First Financial's improper filing of its suit in Mississippi rather than in the Eastern District of

4

Virginia. Returning this case to Virginia will get this controversy back on the proper track as agreed to by the parties in the Franchise Agreement and as required by §1404(a) standards and forum selection clause jurisprudence.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff JTH Tax, Inc.'s September 14, 2009 motion [86] to transfer this case to the Eastern District of Virginia is **GRANTED**; accordingly,

(2) This case is to be transferred to the Eastern District of Virginia.

**SO ORDERED** this the 27th day of May, A.D., 2010.

/s/ W. Allen Pepper, Jr.  
W. ALLEN PEPPER, JR.  
UNITED STATES DISTRICT JUDGE